MARYOTT and others, appellants, and RENTON, respondent.

The bill in this case was dismissed, because the mortgage sought to be foreclosed was not due at the time of the commencement of the suit.

*Mr. C. E. Scofield* and *Mr. John S. De Hart,* for appellants.

*Mr. J. W. Taylor,* for respondent.

The opinion of the court was delivered by

THE CHIEF JUSTICE.

The bill in this cause was exhibited to foreclose a mortgage given by the appellant, Maryott, to the respondent, Renton, bearing date the 12th of January, 1867, securing the payment of a certain note drawn by one John M. Jacobs, for the sum of $6000. This note was overdue at the time of the execution of the mortgage. The complainant in his bill claimed to hold also a second mortgage on the same premises, dated on the 1st day of February, 1867, made to him by the respondent, to secure the further sum of $9000. In the progress of the cause, however, it was admitted that the real sum due on this latter instrument, was $3000.

Upon the merits of the cause, the principal ground of defence was, that a part of the consideration of the $6000 mortgage was worthless, and that the appellant had been induced to accept it by the fraudulent representations of the respondent. There are certain other circumstances which it was claimed raised up equities in favor of the appellants, but I do not think it necessary to specify them, for I think it very clear that no part of this defence has been made out in the proofs. I have no difficulty therefore in coinciding, on the merits of the case, in the conclusion arrived at by the Chancellor, " that the evidence in the case did not sustain the defence set up by the defendant" in the court below.

But a fact has been developed which I think must defeat this present suit of the complainant. That fact is, that at the time the bill of complaint was filed the moneys secured by the mortgages of the complainant were not payable, that is, the day of payment had not arrived. It is true that the $6000 mortgage was payable on demand, the note to secure which it was given, being at the time of the execution of the mortgage past maturity, but the evidence I think shows very plainly that at the time of the giving of the second mortgage, an arrangement was made which had the effect to extend the time of the payment of the first. The

terms of this new contract were committed to writing by the parties, and were to the effect that the respondent would advance to the appellant the sum of $9000, in addition to the sum of $6000 already loaned, and would take a new mortgage for the whole amount of $15,000, payable in one year, without interest. When the parties called upon their counsel to execute this agreement, it was suggested by him that it would be profitable to let the $6000 mortgage stand, as in this way they would save the expense of a United States revenue stamp on the amount of money secured by it, and it was on this suggestion that the mortgage for the $9000 was given. But this was a mere change of form, and there is not the slightest ground, so far as I have been able to discern, for a belief that the substance of the arrangement was altered in any particular. It is true that the respondent did not fulfill his part of the agreement, as he advanced only $3000 instead of $9000. But this breach of his agreement, it can scarcely be pretended, can lay any ground on which he can claim an exemption from his stipulation, that the money embraced in the $6000 mortgage should run without interest, and that the principal should not become payable until the maturity of the second mortgage, which was the 1st of February, 1868. The complainant himself was examined as a witness, and he did not pretend that at the time of the execution of the contract it was in any wise altered, except as to the circumstance that the two mortgages were substituted in lieu of the one for $15,000. I have looked in vain through the evidence for any fact which could discharge the respondent from his agreement to put off the time for the payment of the mortgage on which his bill rests. The result of my examination is, that I am forced to conclude that the complainant had no right to commence a suit to foreclose either of the mortgages held by him, prior to the 1st of February, 1868. This bill was filed on the 27th of August, 1867, and was consequently premature, and should be dismissed with costs.

The decree in chancery should be reversed, and the case remitted with proper directions.

The whole court concurred.